IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN -2 PM 3:50

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | | |
|---|---|---|
| MARK W. BRYAN, | X | |
| Petitioner, | X | |
| vs. | X | No. 01-2564-Ma |
| WAYNE BRANDON, | X | |
| Respondent. | X | |

ORDER CORRECTING THE DOCKET
ORDER SCHEDULING DETENTION HEARING
AND
ORDER DIRECTING PETITIONER TO APPLY FOR
A CERTIFICATE OF APPEALABILITY

Mark W. Bryan, through counsel, filed his original petition pursuant to 28 U.S.C. § 2254 on June 25, 2001. The Court issued an order on February 17, 2004 granting summary judgment to respondent on the second and third claims in the petition, denying summary judgment to respondent on the first claim ("claim one") on the basis of petitioner's purported procedural default, and directing the parties to file summary judgment motions on the merits of claim one. On March 31, 2005, the Court issued an order granting summary judgment to petitioner on claim one and granting an unconditional writ a habeas corpus. Respondent filed a notice

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _6-6-05_



of appeal on May 2, 2005, and petitioner filed a notice of cross-appeal on May 10, 2005.

On April 29, 2005, respondent filed a motion seeking a stay of the March 31, 2005 order pending resolution of the appeal. On May 10, 2005, petitioner, through counsel, filed a motion for release pending appeal. That motion also constituted petitioner's response to respondent's motion.

As a preliminary matter, the prisoner is currently incarcerated at the Turney Center Industrial Prison and Farm ("TCIP") in Only, Tennessee. The Clerk is ORDERED to substitute Wayne Brandon, the warden of the TCIP, as the respondent to this proceeding and to terminate John Malcolm Davis.

Respondent's motion for a stay, and the petitioner's motion for release, are governed by Rule 23(c) of the Federal Rules of Appellate Procedure, which provides:

> **Release Pending Review of Decision Ordering Release.**
> While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety.

"[A] court has broad discretion in conditioning a judgment granting habeas relief." Hilton v. Bruanskill, 481 U.S. 770, 775 (1987). "Rule 23(c) undoubtedly creates a presumption of release from custody in such cases, but that presumption may be overcome if the judge rendering the decision, or an appellate court or judge,

2

'otherwise orders.'" Id. at 774 (footnote omitted). The factors relevant to a stay application are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 776. The presumption in favor of release "may be overcome if the traditional stay factors tip the balance against it." Id. In making that evaluation, the Court is authorized to consider whether the petitioner presents a flight risk, the danger to the public posed by the petitioner, and the State's interest in continuing custody and rehabilitation of the petitioner. Id. at 777-79.

The Court is unable to decide the pending motions on the basis of the parties' submissions. Therefore, the Court will hold a detention hearing on Friday, July 1, 2005, at 2:30 p.m. The Clerk is ORDERED to issue a writ ensuring the petitioner's attendance at that hearing. The parties are directed to present any evidence they have relevant to whether petitioner's release should be stayed pending appeal. The parties should also be prepared to address the amount of bond, if any, and other conditions of release that should be imposed.

Any prisoner seeking to appeal an adverse decision on a § 2254 petition must first obtain a certificate of appealability

3

from the district court, pursuant to 28 U.S.C. § 2253, which provides as follows:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.[1]

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

---

[1] "A certificate of appealability is not required when a state or its representative or the United States or its representative appeals." Fed. R. App. P. 22(b)(3).

4

'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court has cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the

5

debatability of the underlying constitutional claim, not the resolution of that debate.").[2]

The Sixth Circuit has cautioned district courts against granting or denying certificates of appealability without the individualized determination of particular issues required by Slack. Murphy v. Ohio, 263 F.3d 466 (6th Cir. 2001); Porterfield v. Bell, 258 F.3d 484 (6th Cir. 2001). Moreover, in Murphy the Sixth Circuit suggested that it was improper for the district court to deny a certificate of appealability before the petitioner had applied for one. Murphy, 263 F.3d at 466. Accordingly, the Court ORDERS the petitioner to apply for a certificate of appealability within thirty days of the entry of this order and to support his application with an appropriate brief. Respondent may submit a brief in opposition thirty days after the filing of petitioner's brief.

IT IS SO ORDERED this 2d day of June, 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

6

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 74 in case 2:01-CV-02564 was distributed by fax, mail, or direct printing on June 6, 2005 to the parties listed.

---

Elizabeth Marney
OFFICE OF THE ATTORNEY GENERAL
425 Fifth Avenue, N
2nd Floor
Nashville, TN 37243--049

M. Kay Gartrell
KIRSCHNER & GARTRELL, PC
4910 Mass Ave., NW
Ste. 215
Washington, DC 20016

Brett B. Stein
FINLEY & STEIN
236 Adams Avenue
Memphis, TN 38103

Richard Kirschner
KIRSCHNER & GARTRELL, PC
4910 Mass Ave., NW
Ste. 215
Washington, DC 20016

Honorable Samuel Mays
US DISTRICT COURT